# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Syed B. Shah )<br>      Plaintiff )<br>)<br>)<br>      v. )<br>)<br>BROADCASTING BOARD )<br>OF GOVERNORS )<br>)<br>      Defendant )<br>) | Case No.18-1328-RDM |

## FIRST AMENDED COMPLAINT

For his Complaint against the Board of Broadcast Governors, Plaintiff Syed B. Shah, an International Broadcaster at the Pashto Language Service, Voice of America, by and through his undersigned attorney, files this complaint against Defendant for violating his civil rights as an employee. Mr. Shah has been subjected to discriminatory actions in an effort to force him to retire.

Defendant, is an agency of the federal government and operates under the laws of United States. Service upon an agency of the United States shall be made by delivering or mailing a copy of the summons, complaint to the Office of the: United States Attorney for the district in which the action is being brought, the Attorney General of U.S. in Washington, D.C. and to the agency. *Fed Civ. P. 4 (i).*

## JURISDICTION

1. The court has jurisdiction over the lawsuit based on action for discrimination; arising under Title VII. *42 US.C. §2000e-2,* 29 .CFR 1614.202, 29 CFR 1620, Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 et seq., as well as Jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§451 (judiciary), 28 U.S.C.§1331 (federal question), 28 U.S.C. §1343 (civil rights), 29 U.S.C.§626(b) (ADEA Enforcement, Age Discrimination in Employment Act, 29 U.S.C. §633a) and 42 U.S.C. §2000e-5(f)(1)(unlawful employment practices) and (Title VII Enforcement) and 42 U.S.C. §1981a(equal rights).

## VENUE

2. The employment practices of Defendant alleged to be unlawful were committed within the jurisdiction of the District of Columbia. In addition, Defendant maintains its primary business location within the jurisdiction of the District of Columbia. Accordingly, venue is proper pursuant to 28 U.S.C. §1391(b)(1)&(2).

## EXHAUSTION OF ADMINISTRATION REMEDIES

3. Prior to filing this action, Plaintiff timely filed with Office of Civil Rights within the forty five (45) days, their written charge asserting Defendant's discrimination based on age discrimination, and reprisal. In conformance with the law, Plaintiff has exhausted administrative remedies, therefore all conditions precedent to the Plaintiff maintaining this civil action have occurred or been waived.

## PROTECTED CLASS MEMBERSHIP

4. This lawsuit is brought under 42 U.S.C. §2000 et. Seq. (Title VII) and its counterpart 42 U.S.C. §1981 and 29 U.S.C. §626(b). Title VII and §1981 prohibit employers form

discriminating "against any individual with respect to their compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin. See: 42 U.S.C. §2000e-2(a). Additionally, this lawsuit is brought pursuant to the Age Discrimination Act 29 U.S.C. §636. Plaintiff identifies that he is over forty (40) years old; and subjected to harassment based on his age and reprisal for having complained to management about the harassment and discrimination by his mangers.

## PARTY
## BACKGROUND FACTS

5. Plaintiff, is a naturalized citizen of the United States who is of Afghan national origin and who is over the age of 40.

6. Mr. Shah has been an International Broadcaster (Pashto) GS-1001-12 at VOA for the last 34 years.

7. The requirement for an International Broadcaster (GS-12) at the Pashto Service is fluency in both Farsi and Pashto languages that are spoken in Afghanistan. Plaintiff's duties include; Editing, transcribing and translating various materials for radio; such as interviews with variety of subjects, preparation and presentation of news, CRs, Backgrounders, Editorials, Press Reviews and Feature Programs.

8. Management implemented a change in policy named the New Format since 2016, which directly excludes senior staff and favors junior staff. Plaintiff and his colleagues had filed a complaint in 2013 based on age discrimination, reprisal and harassment.

9. Management tried to force Plaintiff to retire because of his age, by creating a divisive, retaliatory and hostile work environment. When Plaintiff refused to succumb to the hostilities

discrimination and reprisal for reporting harassing behavior, management continued to target the senior staff by changing the annual evaluations to include requirements that would only target the senior staff.

10. In February 2017 Plaintiff's position description (PD) was changed in a way that would prevent him from effectively completing his duties, thereby forcing him into constructive retirement.

11. When Plaintiff complained about the PD, management became more hostile towards him, by marginalizing him and isolating him to the evening shift, where he is forced to run a show on his own.

12. Plaintiff has suffered and continues to suffer the consequences of management's New Format policies which has been most recently and effectively been implemented in the changes brought in the PD.

13. The use of multimedia was added to the new PD, this includes television, simultaneous translation and translations not from English to Pashto but also from Pashto to English. Management is fully aware that only the newly trained and younger staff are able to fulfill these requirements, leaving the senior staff to either retire or be fired for failing to complete assignments.

14. Additionally, although Plaintiff is an on air talent, management failed to give him steps to become GS 13, during the benchmarking period in June 2017, when he should have been promoted to GS 13, as on air talent requires. However, his less deserving but younger colleagues were promoted based on the benchmarking.

## Count 1
## Discrimination Under Title VII

15. Plaintiff is an employee within the meaning of Title VII and belongs to classes protected under the statute; namely age. *See 42 U.S:C. §2000e(f)* and *29 US.C. §623 et se.q* Defendant is an employer within the meaning of Title VII. *42 US.C. §2000e(b)* Defendant intentionally discriminated against Plaintiff based on his age, in violation of Title VII by subjecting him to constant harassment, work conditions which were humiliating and by forcing him to retire before he is ready to retire.

16. The Defendant has further perpetuated this discriminatory treatment on Plaintiff by creating a PD Plaintiff could not perform.

17. **WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff behalf, in the amount of $100,000 (one hundred thousand dollars) on the count of age discrimination pursuant to Title VII and grant such further relief as this Court deems appropriate.

## Count 2
## Age Discrimination

18. Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 et seq. and belongs to the class of employees protected under the statute, namely, employees over the age of 40 years. *See 29 US.C. §630(j)* Defendant is an employer within the meaning of the ADEA. *29 US.C. §630(b).*

19. Defendant intentionally discriminated against Plaintiff because of his age in violation of the ADEA by subjecting him to conditions and terms of employment that were not enforced on younger employees. The Plaintiff was treated in a manner that was different from the younger employee.  Younger employees were given shows and on air interviews and assignments that were not available to the senior staff and in particular to Mr. Shah and his colleagues.  He was subjected to management's new plans since 2010 called "the new format."

20. The new format required that younger employees replace the senior staff.

21. The management harassed and targeted the senior staff, including plaintiff to force them to either leave their positons or be terminated.

22. **WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff's behalf, in the amount of $300,000 (three hundred thousand  dollars), on the count of age-based discrimination pursuant to the ADEA and grant such further relief as this Court deems appropriate.

## COUNT 3
## RETALIATION
**Age Discrimination in Employment Act of 1967, 29 U.S.C. §621** *et seq***.**

23. Plaintiff re-alleges and incorporate by reference the allegations of all paragraphs above as though fully set forth herein. Pursuant to the ADEA and applicable federal government equal employment opportunity regulations, the Agency, as a federal employer, is specifically prohibited from unlawful retaliation against Plaintiff, because they engaged in EEO activities protected by the ADEA 20 U.S.C Section 633a(a) and 623(b). 29 C.F.R. Section 1614.103

(2004). The Agency by virtue of the unlawful adverse actions set forth in the aforementioned paragraphs of this Complaint, engaged in direct, willful and unlawful ADEA retaliatory discrimination against Plaintiff because of his protected ADEA activities. Plaintiff's managers and supervisors included Mr. Ibrahim, Ms. Maiwandi, Ms. Mendelson, and later Mr. Farivar and Mr. Dahiyat, and Mr. Ayazi.

24. The Agency, by and through its managers actions and the actions of Human Resources and employees servicing beneath management in the supervisory chain of command engaged in calculated and purposeful campaign of unlawful retaliation, unlawful, unlawful discrimination and unlawful workplace harassment against the Plaintiff. The Agency intentionally subjected Plaintiff to intentional and unlawful ADEA retaliatory discrimination. The intentional, unlawful retaliation was created and perpetuated and tolerated by management.

25. The Agency is liable for the intentional and unlawful ADEA retaliation against the Plaintiff because the Agency officials and managers knew or should have known of the aforementioned unlawful retaliation and did not take immediate, appropriate and effective corrective action.

26. The Agency's aforementioned treatment of the Plaintiff, considered in its totality and in cumulative manner, as set forth in the above paragraphs of this claim and Complaint, constitutes unlawful, direct, intentional, adverse, tangible, retaliatory and discriminatory employment actions prohibited by ADEA. The Agency's aforementioned treatment of Plaintiff constitute, unlawful, willful, adverse, retaliatory discrimination in violation of 29 U.S.C Sections 633a(a) and 623(a)(1)(2)(d) and 626(b)

27. Defendant, by and through its agents, retaliated against Plaintiff when it knew or should have known that the same were in violation of the ADEA and any alleged reasons to the contrary are pretextual. As a result of Defendant's discriminatory actions Plaintiff suffered pecuniary and non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Because of these losses, Plaintiff seeks compensatory damages. Defendant's actions were done with malice and/or with reckless indifference to Plaintiffs' protected rights.  Plaintiff are therefore entitled to punitive damages. The Defendants conduct motivated by age discrimination had the purpose or effect of creating an intimidating, hostile or offensive working environment and had the purpose or effect of unreasonably interfering with Plaintiff' work performance and/or otherwise adversely affected Plaintiff' employment opportunities in violation of Title VII and 29 C.F.R. $§1606.8(b)$.

28. The hostile working environment was sufficiently severe and/or pervasive to alter the conditions of employment for Plaintiff and to create an abusive working environment. The acts of the Defendants and the agents of Defendants were not isolated or trivial.  The defendants knew or should have known of the conduct creating a hostile work environment and failed to take prompt and effective remedial action.

### Damages

As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

1. Plaintiff was denied a promotion and pay for work that he performed.
2. Plaintiff was forced to retire because of the intolerable working conditions.
3. Plaintiff suffered damage to his professional work history and reputation.

4. Defendant's conduct was an intentional and willful violation of Title VII, and the ADEA.
5. Plaintiff is entitled to an award of attorney fees and costs under Title VII.

**Prayer**

For these reasons, Plaintiff asks for judgment against the Defendant to receive back pay, future pay, interest and all damages that he is entitled to.  An award of attorney fees and costs.  All other relief the court deems appropriate.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff's demand a trial by jury in this action. This jury demand is being filed with the Clerk of the United States District Court for the District of Columbia, as required by Fed. R. Civ. P. 5(d) and Fed. R. Civ. P. 38 (b).

Dated:  August 30, 2019

Respectfully Submitted,
Syed B. Shah

By Counsel

*/S/  S. Sarah Shah*
S. Sarah Shah
D.C. Bar No. 995094
1310 L Street NW, Suite 750
Washington DC 20037
Law Offices of Shah & Shah PLLC
Telephone: (202) 450-1051
Direct: (202) 450-1059
Attorney for Plaintiff